IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01789-BNB

KEITH FRAZIER,

    Applicant,

v.

HEARING OFFICER JACKSON,
WARDEN HOYT BRILL,
PRIVATE PRISONS MONITORING UNIT DESIGNEE JOHN DOE, and
THE COLORADO DEPARTMENT OF CORRECTIONS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Keith Frazier is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Frazier initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction he received while he was incarcerated at the Kit Carson Correctional Center in 2005. As relief Mr. Frazier seeks an order expunging the disciplinary conviction "so that he can recover 'earned-time credits' against his sentence that he has lost." (Application at 23.)

The Court must construe the application liberally because Mr. Frazier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

The Court notes initially that Mr. Frazier has named a number of improper Respondents in this habeas corpus action. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Because Mr. Frazier alleges he is incarcerated at the Crowley County Correctional Facility, it appears that the warden of that prison facility should be named as Respondent in this action. Notwithstanding Mr. Frazier's failure to name the proper Respondent, the Court will address the merits of the application.

Mr. Frazier alleges he was charged with the prison disciplinary offenses of fighting and count interference following an altercation in his cell on May 22, 2005. He contends that he is not guilty of either offense because he acted in self-defense after being attacked by his cell-mate. Mr. Frazier was convicted of both disciplinary offenses and he was sanctioned with twenty days in segregation.[1] The disciplinary convictions were affirmed on administrative appeal and Mr. Frazier's subsequent efforts to overturn the disciplinary convictions in state court were not successful.

Mr. Frazier asserts four claims for relief challenging the validity of his disciplinary convictions. He maintains that the disciplinary convictions resulted in a loss of earned time credits and other "actual and potential collateral consequences such as denial of parole, transfer to community corrections, and sentence reconsideration." (Application

---

[1] Mr. Frazier asserts in the application that he was placed in segregation for twenty-three days as a result of the disciplinary convictions. The copy of the Disposition of Charges that is attached to the application indicates that he was sanctioned with twenty days of segregation.

2

at 2.) Mr. Frazier does not specify which of these collateral consequences actually have occurred and which potentially may occur as a result of his disciplinary convictions. Nevertheless, the application will be denied because Mr. Frazier fails to demonstrate that any of the direct or collateral consequences of his disciplinary convictions have affected the length of his sentence in any way.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). As noted above, the only sanction imposed on Mr. Frazier directly as a result of his disciplinary convictions was a short term of segregation, which did not impact the length of his prison sentence in any way.

Mr. Frazier does assert that the disciplinary convictions led to a loss of earned time credits and other actual and potential collateral consequences. However, the Court does not agree that the alleged loss of earned time credits and other actual and potential collateral consequences demonstrate any entitlement to immediate or speedier release if Mr. Frazier's claims are successful in this action. Under Colorado law, earned time credits do not constitute service of a prisoner's sentence and are used solely to determine the date on which he will be eligible for discretionary parole. *See Meyers v. Price*, 842 P.2d 229, 231-32 (Colo. 1992). Furthermore, any impact on Mr.

3

Frazier's possible release on parole, transfer to community corrections, or sentence reconsideration allegedly resulting from the disciplinary convictions is simply too attenuated to support a claim for habeas corpus relief. Therefore, the habeas corpus application will be denied. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 14 day of Aug, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01789-BNB

Keith Frazier
Prisoner No. 114542
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/17/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk