IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01789-ZLW

KEITH FRAZIER,

Applicant,

v.

HEARING OFFICER JACKSON,
WARDEN HOYT BRILL,
PRIVATE PRISONS MONITORING UNIT DESIGNEE JOHN DOE, and
THE COLORADO DEPARTMENT OF CORRECTIONS,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -9 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING REQUESTS TO RECONSIDER AND AMEND

---

Applicant Keith Frazier has filed *pro se* on August 31, 2009, "Applicant's Objection to Order of Dismissal and Request for Permission to Amend Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." Mr. Frazier primarily asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on August 17, 2009. He also seeks permission to file an amended application to name a proper Respondent. The Court must construe Mr. Frazier's requests liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the requests to reconsider the Order of Dismissal and to file an amended application will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Frazier filed the request to reconsider within ten days after the Judgment was entered in this action on August 17, 2009. **See** Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the request to reconsider pursuant to Rule 59(e). **See id**. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court determined that Mr. Frazier is not entitled to habeas corpus relief because he failed to demonstrate that the length of his sentence was affected in any way by the direct or collateral consequences of the prison disciplinary conviction he challenged in this action. In particular, the Court relied on the fact that, under Colorado state law, earned time credits do not constitute service of a prisoner's sentence and are used solely to determine the date on which the prisoner will be eligible for discretionary parole. **See Meyers v. Price**, 842 P.2d 229, 231-32 (Colo. 1992). Although the Court also mentioned that Mr. Frazier did not name a proper Respondent, the Court did not rely on that deficiency in dismissing the action.

Mr. Frazier argues in the request to reconsider that earned time credits and other collateral consequences of his disciplinary conviction have affected the length of his sentence. However, he fails to demonstrate the existence of an intervening change in

controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, upon consideration of the request to reconsider and the entire file, the Court finds that Mr. Frazier fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. To the extent Mr. Frazier seeks permission to file an amended pleading to name a proper Respondent, that request also will denied. Accordingly, it is

ORDERED that "Applicant's Objection to Order of Dismissal and Request for Permission to Amend Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" filed on August 31, 2009, in which Applicant asks the Court to reconsider the Court's Order of Dismissal and to grant permission to file an amended application, is denied.

DATED at Denver, Colorado, this 9 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01789-BNB

Keith Frazier
Prisoner No. 114542
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/9/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk